# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

March 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TERRY MERCER,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0622** (BOR Appeal No. 2047840)
(Claim No. 2011020268)

**SABIC INNOVATIVE PLASTICS US, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terry Mercer, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Sabic Innovative Plastics US, LLC, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 21, 2013, in which the Board affirmed an October 24, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 17, 2011, decision denying the addition of thoracic radiculopathy as a compensable condition of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mercer, an employee of Sabic Innovative Plastics US, LLC, injured himself while working underneath a machine on December 9, 2010. Mr. Mercer was originally seen by Robert Gerbo, M.D., who prescribed medications and referred Mr. Mercer to Camden Clark Hospital. Dr. Gerbo only noted lower back pain. He did not note any thoracic area pain or symptoms. At Camden Clark Hospital, Mr. Mercer was examined by Edward Pasternak, D.O., who took a CT scan of Mr. Mercer's spine. Dr. Pasternak did not note any symptoms related to the thoracic area

1

of Mr. Mercer's spine. Mr. Mercer was diagnosed with a low back strain. Thereafter, Mr. Mercer was referred to Mountaineer Pain Relief and Rehabilitation Center where he was examined by Michael Shramowiat, M.D., and Donna Davis, M.D. Dr. Shramowiat diagnosed a low back strain and pain in the limb. Dr. Shramowiat did not note any problems or symptoms with the thoracic region of Mr. Mercer's spine. Thereafter, Dr. Davis noted the pain radiating down both lower extremities and requested that thoracic radiculopathy be added as a compensable condition of Mr. Mercer's December 9, 2010, injury. Dr. Davis found no objective evidence that would lead to the conclusion Mr. Mercer was experiencing thoracic radiculopathy such as an MRI or nerve conduction study. Dr. Davis found that the diagnosis of thoracic radiculopathy was supported by Mr. Mercer's subjective assertion of pain. At a follow-up appointment with Dr. Davis, Mr. Mercer did not complain of any symptoms consistent with radiculopathy. Mr. Mercer was also examined by Bill Hennessey, M.D., and Joseph Grady, M.D. Neither Dr. Grady nor Dr. Hennessey noted any symptoms of thoracic radiculopathy and they both agreed that the diagnosis of a lumbar strain covered all compensable aspects of the injury. Drs. Shramowiat, Grady, and Hennessey all agreed that thoracic radiculopathy should not be added as a compensable condition of the claim. In forming their opinions, all physicians noted that there was no objective evidence of thoracic radiculopathy. The claims administrator denied the request to add thoracic radiculopathy as a compensable condition of the claim. Mr. Mercer protested.

The Office of Judges found that Mr. Mercer did not suffer from thoracic radiculopathy incurred in the course of and resulting from his employment with Sabic Innovative Plastics US, LLC. The Office of Judges noted that the only medical professional that diagnosed thoracic radiculopathy was Dr. Davis. The Office of Judges noted that Dr. Davis did not rely on objective evidence such as an MRI or nerve conduction study to diagnose thoracic radiculopathy. The only evidence that could have led to a diagnosis was Mr. Mercer's assertion of symptoms consistent with radiculopathy. However, the Office of Judges noted that Mr. Mercer's assertion of symptoms consistent with radiculopathy were only noted on some visits to Dr. Davis and not on others. Also Mr. Mercer did not complain of any symptoms consistent with radiculopathy to any of the other reviewing physicians. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and the conclusion of the Board of Review. Mr. Mercer has not shown that he is entitled to have thoracic radiculopathy added as a compensable condition of his claim. Dr. Davis is the only physician of record who opines that Mr. Mercer suffers from thoracic radiculopathy. Dr. Davis diagnosed thoracic radiculopathy without any objective evidence of nerve damage or impingement. Dr. Davis based her diagnosis of radiculopathy solely on Mr. Mercer's assertion that he was experiencing radiating pain. Mr. Mercer's account of radiating pain is not consistent in Dr. Davis's reports or any other report. Since the evidence establishes that Mr. Mercer does not suffer from symptoms consistent with radiculopathy, it was not in error for the Office of Judges and Board of Review to not add thoracic radiculopathy as a compensable condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 12, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum